TOGUT, SEGAL & SEGAL LLP
Attorneys for Albert Togut,
 Chapter 7 Trustee
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Scott E. Ratner

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                               :
            In the Matter                  :   Chapter 7
                                                               :   Case No. 07-13708-[MG]
                 -of-                          :
                                                               :
MONITOR SINGLE LIFT I, LTD.,       :
                                                               :
                     Debtor.               :
                                                               :
---------------------------------------------------------------- X

**MOTION OF THE CHAPTER 7 TRUSTEE, PURSUANT
TO SECTION 305 OF THE BANKRUPTCY CODE, FOR
AN ORDER DISMISSING THE CHAPTER 7 CASE OR,
IN THE ALTERNATIVE, FOR THE COURT TO ABSTAIN FROM
<u>EXERCISING ANY FURTHER JURISDICTION OVER THE CASE</u>**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

ALBERT TOGUT, the Chapter 7 Trustee (the "Trustee") of the estate of Monitor Single Lift I, Ltd. (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, hereby applies (the "Motion") for an Order, pursuant to section 305 of Title 11 of the United States Code ("Bankruptcy Code"), (i) dismissing the Debtor's Chapter 7 case or, in the alternative, for the Court to abstain from exercising any further jurisdiction over the case and (ii) discharging the Trustee from the further administration of the estate, and respectfully shows this Honorable Court:

## INTRODUCTION

1. The Trustee has attempted to administer this estate and has concluded that the case should be dismissed or alternatively, that the Court should abstain from exercising jurisdiction pursuant to section 305 of the Bankruptcy Code. The Trustee also seeks to be discharged from any further duties under section 704 and requests that the effects of dismissal pursuant to section 349(b)(2) of the Bankruptcy Code not apply upon the Court's entry of an Order dismissing this case.

2. Based on his investigation to date, there are no tangible domestic assets belonging to the Debtor's estate for the Trustee to administer. Instead, any possible asset recoveries are seemingly speculative in nature (*e.g.*, intellectual property, litigation claims and causes of action) that assertedly belong to the Second Lien Lenders (as defined below). Moreover, they cannot be prosecuted in a U.S. Bankruptcy Court. It is highly unlikely that there would ever be any funds in the estate to distribute to creditors – other than perhaps the Second Lien Lenders. The Trustee has neither received any property nor paid any money on account of this estate. No claims bar date was requested by the Trustee because there were no funds to disburse. The estate currently has no funds whatsoever and is administratively insolvent. There is no means to pursue arbitration assets that may yield a recovery for the benefit of the Second Lien Lenders only.

3. Given that it appears that: (i) the estate is administratively insolvent; (ii) there are no unencumbered assets to administer; and (iii) the Second Lien Lenders may pursue possible assets and claims by utilizing non-bankruptcy remedies in a state court or other forum (such as the Cayman Proceedings discussed below), the Trustee respectfully requests that the Court either dismiss the Chapter 7 case or, in the alternative, abstain from exercising any further jurisdiction over the case,

and that the Court discharge the Trustee from any further responsibility to administer the Debtor's estate or to perform the duties specified in section 704 of the Bankruptcy Code.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought hereby is section 305 of the Bankruptcy Code.

## BACKGROUND

5. This case began on November 21, 2007 (the "Petition Date") when the Debtor filed a voluntary Chapter 11 petition in this Court.

6. On the Petition Date, and prior to the filing of the Debtors' voluntary chapter 11 petitions in this Court, Norsk Tillitsmann ASA, as trustee on behalf of the First Lien Lenders (as defined below), filed a winding-up petition against the Debtor and an application for the appointment of provisional liquidators in the Cayman Islands over the Debtor (the "Cayman Proceedings"). Due to the intervening effect of the automatic stay, no further actions have been taken concerning the Cayman Proceedings.

7. Upon information and belief, the Debtor's businesses consisted of two unfinished construction ventures located in the North Sea: (i) the construction of a single-lift vessel ("SLV"); and (ii) the construction of a power generation buoy (the "Power Buoy").

8. Pursuant to an Order of the Court dated December 6, 2007, the Debtor was authorized to use cash collateral to satisfy in full its prepetition obligations

3

to lenders under the First Lien Credit Agreement (the "First Lien Lenders"). Credit Suisse, Cayman Island Branch, on behalf of itself and as administrative and collateral agent for certain lenders (the "Second Lien Lenders"), appears to possess a security interest in, and liens upon, various collateral that secured obligations under the Second Lien Credit Agreement, dated January 11, 2007 (as amended and modified), including substantially all the assets of Monitor Oil, PLC, Monitor US FinCo, Inc. and the Debtor herein. The Trustee has not investigated the secured claims.

9. Pursuant to an Order of the Court dated December 9, 2008, the Debtor's case was converted to a Chapter 7 case after, among other things, the parties were unable to promulgate a confirmable Chapter 11 plan.

10. On December 9, 2008, Albert Togut was appointed the interim Chapter 7 Trustee herein, accepted his appointment, duly qualified, and is now the permanent Trustee.[1]

**RELIEF REQUESTED**

11. Section 305 of the Bankruptcy Code provides, in pertinent part, that the Court may abstain from exercising jurisdiction over a case and after notice and a hearing, may dismiss a case at any time if the interests of the estate would be better served by such dismissal. *See* 11 U.S.C. § 305(a). Section 305 is made applicable to chapter 7 cases through section 103(a) of the Bankruptcy Code. *See* 11 U.S.C. § 103(a).

---

[1] To date, the Trustee has refrained from filing pleadings to retain his law firm, Togut, Segal & Segal LLP, as bankruptcy counsel until it could be determined whether there was a Chapter 7 case to administer. For the reasons noted above, the Trustee has determined that the Chapter 7 case should be dismissed or, in the alternative, the Bankruptcy Court should abstain from exercising further jurisdiction over same and the Trustee should be discharged. Accordingly, retention pleadings have not been filed since no purpose would be served thereby.

12. Although the Trustee has not performed exhaustive due diligence, he has worked three months to try to find a way to justify his administration of the estate and has spent a great deal of time trying to make this case make sense.

13. The Trustee has determined based on his investigation to date that further administration of this Chapter 7 case is futile because: (i) the Debtor's estate is administratively insolvent and none of the creditors or other parties are willing to advance the funds needed to administer the estate; (ii) the Debtor does not appear to own any tangible assets and any other more speculative assets are purportedly fully encumbered; and (iii) the potential assets of the Debtor's Chapter 7 estate are located outside of the United States and are either the subject of foreign proceedings and/or outside of the Trustee's control and this Court's jurisdiction.

14. Regarding the Debtor's business, based on a review of the record of the Chapter 11 case, it appears that the SLV was determined to be nothing more than a concept with serious design flaws. Moreover, during the Chapter 11 case, the SLV was market-tested pursuant to a lengthy sale process and was shown to have no value.

15. Additionally, the actual ownership and possession of the Power Buoy is held by a non-debtor affiliate, Monitor Producer 1, Ltd. ("Producer 1"), which is subject to an administration proceeding in Scotland. Producer 1 owes the Debtor approximately $53.8 million in inter-company payables for financing the Power Buoy project.

16. The administrator of the Producer 1 proceeding in Scotland has advised the Trustee that it engaged in extensive marketing efforts to sell the Power Buoy. As a result of such efforts, an agreement in principle has reportedly been reached to sell the Power Buoy to a third party for the gross amount of £1.5 million. Pursuant to a separate understanding reached between the Trustee and the Scottish administrator,

5

the Trustee would receive 10% of the net sale proceeds from the Power Buoy in exchange for an assignment of the rights and interests held by the Debtor in the Power Buoy, including any intellectual property rights and interests (the "IP"). Such agreement, however, has not been reduced to writing, the sale of the Power Buoy by the Scottish administrator has not been completed (and the Trustee requested but was refused the right to review the written purchase proposal etc.), and the Trustee has no idea whether a sale will ever occur.

17. In addition to whatever rights and interests the Debtor may have in the Power Buoy, there appears to be another asset of potential value to the estate: an arbitration proceeding commenced in London by the Debtor, against Yantai Raffles Shipyard Limited ("YSL"), a Singapore corporation, for the return of contractual installment payments that are alleged to have been wrongfully withheld by YSL. However, on or about March 23, 2009, the Arbitral Panel in London required the Debtor to post a £240,000 bond for costs that may be incurred by and due to YSL in the event it successfully defends against the claim. Since the Debtor's estate is administratively insolvent and none of its creditors or other parties is willing to fund the costs of its administration, the Trustee cannot post the bond required for the continued prosecution of the arbitration proceeding. Without posting the bond, the Trustee cannot continue the arbitration.

18. Finally, the Trustee believed that an agreement had been reached with the Second Lien Lenders whereby they would agree that up to $500,000 of the proceeds from the sale of the Power Buoy and any of their other collateral would be carved-out for the payment of necessary costs, commissions, compensation and

expenses incurred by the Trustee to administer the Debtor's estate.[2]  Thereafter, the Second Lien Lenders insisted on an additional condition to the carve-out agreement that is totally unacceptable to the Trustee, and so there is no agreement or carve-out.

19. The Court has broad discretion when determining whether dismissal is proper, and requires a case-by-case analysis be performed.  *See In re Marker*, 133 B.R. 340, 344 (Bankr. W.D. Pa. 1991).  Efficiency and economy of administration are primary considerations when evaluating whether to dismiss a case.  *See In re Michael S. Starbuck, Inc.*, 14 B.R. 134, 135 (Bankr. S.D.N.Y. 1981).  Where, as here, no advantage would be gained by creditors in allowing the bankruptcy case to proceed, dismissal under section 305(a) is warranted.  *See id*.  *See also In re Deacon Plastics Machine, Inc.*, 49 B.R. 982, 984 (Bankr. D. Mass. 1985) (dismissing case where debtor had no assets and finding that forcing the debtor to go through a formal bankruptcy was not justified based on the administrative expense it would entail).  Furthermore, "where adequate remedies lie in the state court, that bankruptcy court is not the appropriate forum for the case."  *In re Accident Claims Determination Corp.*, 146 B.R. 64, 67 (Bankr. E.D.N.Y. 1992).

20. Based upon the foregoing, the Trustee respectfully submits that the interests of the creditors and the Debtor would best be served by the Court's entry of an Order, pursuant to section 305 of the Bankruptcy Code, dismissing this case or, in the alternative, for the Court to abstain from exercising further jurisdiction over the case, and discharging the Trustee from the further administration of the Debtor's estate.

---

[2] On April 10, 2008, an Order was entered in the Chapter 11 case providing the Second Lien Lenders' Cash Collateral to the Second Lien Lenders.  The terms of the Order extinguished the right of any party to recover pursuant to section 506(c) of the Bankruptcy Code, thus essentially destroying any option for the carve-out since the carve-out was from a postpetition lien and the Secured Lien Lenders had no other secured claims other than those granted by a final Court Order.  The understanding with the Trustee would have reestablished a carve-out.

7

21. The Trustee also respectfully requests that the effects of dismissal pursuant to section 349(b)(2) of the Bankruptcy Code not apply upon the Court's entry of an Order dismissing this case, and that any order, judgment, or transfer ordered under sections 522(i)(1), 542, 550, or 553 of the Bankruptcy Code remain in full force and effect.

**NOTICE**

22. Notice of this Motion has been served upon: (i) all known creditors of the Debtor; (ii) all known parties-in-interest; (iii) all parties having filed a notice of appearance in the Debtor's case; (iv) all parties having filed a proof of claim in the Debtor's case; (v) attorneys for the Debtor, Dorsey & Whitney LLP, 250 Park Avenue, New York, New York, 10177, Attn: Michael Foreman, Esq.; and (vi) Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andrew D. Velez-Rivera, Esq. and Serene K. Nakano, Esq..

23. No previous application has been made to this or any other Court for the relief requested herein.

*(concluded on following page)*

**WHEREFORE**, the Trustee respectfully requests the entry of the annexed Order, pursuant to section 305 of the Bankruptcy Code, (i) dismissing this Chapter 7 case or, in the alternative, for the Court to abstain from exercising further jurisdiction over the case and discharging the Trustee from the further administration of the Debtor's estate, (ii) upholding any order, judgments, or transfers previously ordered in the Chapter 11 case under sections 522(i)(1), 542, 550, or 553 of the Bankruptcy Code that would normally be vacated pursuant to section 349(b)(2) of the Bankruptcy Code, and (iii) granting such other and further relief as may be just and proper.

DATED: New York, New York
March 31, 2009

ALBERT TOGUT, as Chapter 7 Trustee,
By his Attorneys,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Scott E. Ratner
SCOTT E. RATNER
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000